

## ORDERED in the Southern District of Florida on November 30, 2010.

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re: Carlos Luis Ugalde
SS#: 4553

Case No.: 10-38237-BKC-EPK
Chapter 13

_____Debtor._____/

### AGREED ORDER TO EMPLOYER TO DEDUCT AND REMIT
### AND FOR RELATED MATTERS

TO:   **Palm Beach County Sheriff Department**
**Attention: Payroll Department**
**3228 Gun Club Road**
**West Palm Beach, FL 33406**

The above-named debtor has voluntarily filed a petition and plan under chapter 13 of the United States Bankruptcy Code, seeking to pay, in whole or in part, certain debts under the protection of this court. These debts are to be paid by the chapter 13 trustee from the debtor's future earnings. It is public policy that the employer shall assist in the rehabilitation of the debtor to avoid a chapter 7 liquidation pursuant to 11 U.S.C. 1325(b). Accordingly, pursuant to Local Rule 3070-1(C), this court does hereby order:

1.  The employer immediately shall begin withholding from wages, salary, commission, or other earnings or

LF-75 (rev. 10/17/06)

or income of said debtor $ _____ 1,535.77 _____ per month and remit this amount by check (with the debtor's name and case number indicated on the check) to following assigned chapter 13 trustee: Robin R. Weiner, P.O. Box 2258, Memphis, TN, 38101-2258

2.    The employer is enjoined and restrained from discharging, terminating, suspending, or discriminating against the debtor for any reason whatsoever in connection with the filing of the chapter 13 petition or this wage-deduction order, the employer is ordered further to notify the trustee of the discharge, termination, suspension, or discriminatory action, and the specific reason(s) therefore.

3.    If a summons of garnishment concerning the debtor has been served on the employer, this chapter 13 case automatically enjoins and stays the continuation of that garnishment proceeding pursuant to 11 U.S.C. § 362(a); and the employer is enjoined and stayed from making any further deductions from the debtor's earnings on account of the garnishment, and is ordered to remit immediately to the chapter 13 trustee any sums already deducted and not yet paid over to the garnishment court.

4.    This order supersedes any previous order of garnishment or other order issued with respect to the debtor's wages, except for income deduction orders regarding child support, alimony and related support arrearages.  Such support orders shall remain in full force and effect.  Failure to comply with the provisions of this order may result in an order to show cause why said employer should not be found in contempt of this court.

LF-75 (rev. 10/17/06)

5. The debtor shall mail a copy of this order to any garnishment court with an action against the debtor and any garnishing creditor. If stamped self-addressed envelopes are provided, the clerk shall serve copies of this order on the parties listed below. Otherwise, the attorney for the debtor or, if pro se, the debtor must serve copies on the chapter 13 trustee and the employer.

6. This order shall be effective immediately upon service on the employer. This order shall remain in full force and effect until modified, suspended or terminated either in writing by the debtor's attorney or by further order of the Court. This order shall also terminate upon dismissal of this bankruptcy case or entry of a discharge of the debtor.

### 

**Agreed to by:**

Carlos Luis Ugalde
2144 Laura Lane
West Palm Beach, FL 33415
(561) 649-3999

**Submitted by:**

Law Office of Gregg R. Wexler, P.A.
By: Gregg R. Wexler, Esquire
Florida Bar No.: 822190
2112 South Congress Ave., Suite 208
West Palm Beach, FL 33406
(561) 641-8020 ext. 212

**Copies to:**

_____ Carlos Ugalde
_____ Gregg R. Wexler, Esquire
_____ Robin R. Weiner, Trustee
_____ Palm Beach County Sheriff Dept.

LF-75 (rev. 10/17/06)